IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cr-121-RJC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| WILLIAM GAVIDIA (13) | ) | |
| JORGE SOSA (29) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Defendant Sosa's ("Sosa") Motion for Severance of Defendants and for Separate Trial, (Doc. No. 746), Defendant Gavidia's ("Gavidia") Motion and Memo for Severance, (Doc. No. 751), and the government's Response, (Doc. No. 750). For the reasons stated below, the Court will deny the motions.

### I.  BACKGROUND

This case involves a forty-one count indictment against thirty-seven alleged gang members and associates of La Mara Salvatrucha (MS-13), including charges for murder, attempted murder, and assault with a deadly weapon in aid of racketeering; firearms offenses; and immigration violations. (Doc. No. 3: Indictment). The four defendants proceeding to trial—Sosa, Gavidia, Ordonez-Vega, and Zelaya—were indicted together under Rule 8(b) of the Federal Rules of Criminal Procedure.[1] (Id.). All of the codefendants are charged collectively with participating in a racketeering conspiracy. (Id. at 11). Sosa is additionally charged with attempted murder in aid of the racketeering conspiracy, (Id. at 41), and the use or carry of a firearm in relation to a crime of violence and possession of a firearm in furtherance of a crime of violence, (Id. at 42). Gavidia is only charged with participating in the racketeering conspiracy. (Id. at 11). Both Sosa

---

[1] The remaining co-defendants have either pled guilty or have not been arrested on the indictment. (Doc. No. 789: Trial Brief at 1).

1

and Gavidia request severance of their trials from the trial of Ordonez-Vega and Zelaya, who are each charged with murders of separate victims in aid of racketeering. (Id. at 33, 35).

## II. DISCUSSION

Gavidia claims that his trial should be severed from the trial of Sosa, Zelaya, and Ordonez-Vega to avoid evidence "spill-over" of the violent crimes allegedly committed by his three codefendants. (Doc. No. 75 at 1). Sosa argues that being joined with Ordonez-Vega and Zelaya, who are charged with other murders, would prejudice his defense. (Doc. No. 746 at 4–5). In essence, both Gavidia and Sosa contend that joinder is impermissible because they did not participate in the murders allegedly committed by Ordonez-Vega and Zelaya.

### A. Joinder of Defendants

Rule 8(b) of the Federal Rules of Criminal Procedure provides that a single "indictment ... may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Moreover, the rule adds that "defendants may be charged in one or more counts together or separately" and that "[a]ll defendants need not be charged in each count." Id.

In general, "[j]oinder is highly favored in conspiracy cases, over and above the general disposition supporting joinder for reasons of efficiency and judicial economy." United States v. Dinkins, 691 F.3d 358, 367–68 (4th Cir. 2012) (internal citation and quotations omitted); see United States v. Akinkoye, 185 F.3d 192, 197 (4th Cir. 1999) (noting that courts generally "adhere to the rule that defendants charged with participation in the same conspiracy are to be tried jointly). Here, joinder is permissible under Rule 8(b) because all four of the defendants, including Gavidia and Sosa, allegedly participated "in the same series of acts or transactions, constituting the" RICO charge they all jointly face. Moreover, the murder charges against

Ordonez-Vega and Zelaya were allegedly committed in furtherance of the jointly undertaken conspiracy for which all four of the defendants are charged. (Indictment at 33, 35). Thus, the joinder of all four defendants is proper under Rule 8(b).

    B.  <u>Relief from Prejudicial Joinder</u>

Rule 14(a) provides that a court may order separate trials "[i]f the joinder of ... defendants in an indictment ... appears to prejudice a defendant." Fed. R. Crim. P. 14(a). However, Fourth Circuit courts adhere to the "general principle that when defendants are indicted together, they should be tried together." <u>Dinkins</u>, 691 F.3d at 368 (citation omitted) (noting that joint trials serve the interests of justice by providing greater efficiency and avoiding inconsistent verdicts). In turn, a defendant seeking severance under Rule 14 must establish that "actual prejudice would result from a joint trial and not merely that a separate trial would offer a better chance at acquittal." <u>United States v. Reavis</u>, 48 F.3d 763, 767 (4th Cir. 1995) (citations and internal quotations omitted). In addition, when "an indictment properly has joined two or more defendants under the provisions of Rule 8(b), severance pursuant to Rule 14 is rarely granted." <u>Dinkins</u>, 691 F.3d at 368 (citations and internal quotations omitted). Thus, severance should only be granted when "'there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" <u>Id.</u> (quoting <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993)).

Here, neither Gavidia nor Sosa has shown he would be prejudiced by a joint trial with Ordonez-Vega and Zelaya. First, there is no risk Gavidia or Sosa would face unfair prejudice because evidence of the other alleged murders would be independently admissible in their separate trials as reasonably foreseeable acts of alleged coconspirators in furtherance of the charged RICO enterprise, which the government forecasts in this case. <u>See</u> <u>United States v.</u>

Gilliam, 987 F.2d 1009, 1012–13 (finding a co-conspirator responsible for the reasonably foreseeable actions committed by co-conspirators within the scope of the conspiracy). Moreover, the risk of any spillover prejudice can be cured by a limiting instruction regarding the permissible consideration of such evidence. Zafiro, 506 U.S. at 539. Therefore, the Court will deny the motions to sever, finding that both defendants were permissibly joined under Rule 8(b) and that neither defendant appears to face a serious risk of prejudice by being joined at trial with alleged coconspirators.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Sosa's Motion for Severance of Defendants and for Separate Trial, (Doc. No. 746), be **DENIED**, and that Gavidia's Motion and Memo for Severance, (Doc. No. 751), be **DENIED**.

Signed: April 1, 2016

Robert J. Conrad, Jr.
United States District Judge