IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-CR-00121-RJC-DSC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| WILLIAM GAVIDIA (13) | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's post-verdict Rule 29 Motion, (Doc. No. 838), his Rule 33 Motion for a New Trial, (Doc. No. 839), and the government's Response to both motions, (Doc. No. 858).

A. Rule 29 Motion

The defendant claims that the Court lacks jurisdiction over him because federal racketeering laws are unconstitutional and that there was insufficient evidence to convict him and to find venue in the Western District of North Carolina. (Doc. No. 838: Motion at 1-2).

The defendant's argument that the RICO statute is unconstitutional because the prosecution of racketeering is not an enumerated power delegated by the States to the Federal Government in the Constitution, more properly raised under Federal Rule of Criminal Procedure 12(b)(2)(challenging a court's jurisdiction), is without merit. The United States Supreme Court has interpreted 18 U.S.C. § 1962 as validly expanding the role of the Federal Government, vis-à-vis the States, in combating organized crime, rendering the courts "without authority to restrict the application of the statute." <u>United States v. Turkette</u>, 452 U.S. 576, 587 (1981).

"In reviewing the sufficiency of the evidence following a conviction, the court is to construe the evidence in the light most favorable to the government, assuming its credibility, and drawing all favorable inferences from it, and will sustain the jury's verdict if any rational trier of

fact could have found the essential elements of the crime charged beyond a reasonable doubt." United States v. Penniegraft, 641 F.3d 566, 571-72 (4th Cir. 2011) (citing Jackson v. Virginia, 443 U.S. 307, 319, (1979) and United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002)). Venue must be proven by a preponderance of the evidence for each count unless waived by the defendant. United States v. Ebersole, 411 F.3d 517, 524 (4th Cir. 2005).

Here, the Court found at the close of the government's case-in-chief that the evidence was sufficient to deny the defendant's Rule 29 motion. A rational juror could have found beyond a reasonable doubt that the trial evidence satisfied the elements of 18 U.S.C. §1962(d), tending to show that the defendant engaged in fights with rival gang members and committed other crimes as part of the MS-13 gang, a RICO enterprise, in Charlotte, North Carolina, within the Western District of North Carolina. Following the conclusion of the trial and in consideration of the instant motion, the Court continues to find that the evidence was sufficient to support the jury's verdict as to guilt and venue.

B. Rule 33 Motion

Federal Rule of Criminal Procedure 33 states that, on motion of a defendant, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. Here, the defendant claims he was denied a fair trial and that the evidence was insufficient to support the verdict. (Doc. No. 839: Motion at 1).

Prior to trial, the Court denied the defendant's motion to sever his trial from his alleged co-conspirators, (Doc. No. 751: Motion; Doc. No. 808: Order), and the defendant has not shown his joint trial resulted in actual prejudice. Contrary to the defendant's assertion, he had the opportunity to cross-examine all witnesses against him. Also contrary to the defendant's assertion, the government did not tell the defendant "to go to hell" in its closing argument. The

jury was instructed to consider each charge against each defendant, and the evidence pertaining to it, separately and that the verdict as to one defendant would not control the verdict as to any other. As detailed above, it does not appear that the jury was prevented from making a reliable judgment about the defendant's guilt. United States v. Dinkins, 691 F.3d 358, 368 (4th Cir. 2012).

**IT IS, THEREFORE, ORDERED** that the defendant's Rule 29 Motion, (Doc. No. 838), his Rule 33 Motion for a New Trial, (Doc. No. 839), are **DENIED**.

Signed: January 13, 2017

Robert J. Conrad, Jr.
United States District Judge